UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES OF AMERICA,

v.

LAWRENCE EDWARD BARNARD,

Defendant.

No. 21-cr-696 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On November 12, 2021, Defendant Lawrence Edward Barnard pled guilty to one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. On November 29, 2021, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, imposing a money judgment of $2,406,743.15 (the "Money Judgment"). On March 7, 2022, the Court sentenced Defendant to 28 months' imprisonment.

At sentencing, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") on consent. ECF No. 22. The Substitute Asset Order noted that the Money Judgment remained outstanding, and that Defendant had an ownership interest in the real property located at 606 Wilcox Avenue, Unit 8, Los Angeles, California, 90004 (the "Substitute Asset"). The Substitute Asset Order—to which Defendant's attorney explicitly stated that he had no objection—forfeited all of Defendant's right, title, and interest in the Substitute Asset. *Id.* ¶ 1; *see* Sentencing Tr. 29:10-17. The Substitute Asset Order further directed the Government to publish, for at least thirty consecutive days, notice of the Order and "provide notice that any person, *other than the Defendant in this case*, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on [www.forfeiture.gov], or no later than thirty-five (35) days from the mailing of actual notice,

whichever is earlier." *Id.* ¶ 4 (emphasis added).  Upon adjudication of all third-party interests, the Order indicated, the Court would enter a Final Order of Forfeiture with respect to the Substitute Asset, which was to be applied towards satisfaction of the Money Judgment.  *Id.* ¶ 7.  The Government published the required notice on April 9, 2022 for thirty consecutive days.  ECF No. 32.

On June 17, 2022, Defendant's spouse, Mei Mei Chen-Barnard (the "Claimant"), filed a third-party petition claiming a legal entitlement to the Substitute Asset.  Addendum to Ancillary Petition for Remission or Mitigation, ECF No. 29 (the "Claimant Petition").  Claimant asserts that the Substitute Asset constitutes marital community property in California, and that, as the lawfully wedded spouse of Defendant, she is entitled to fifty percent of such property.  *Id.*  In addition, and despite the fact that he consented to the Substitute Asset Order which plainly stated that only persons "other than the Defendant in this case" may file a third-party petition claiming an interest in the Substitute Asset, ECF No. 22 ¶ 4, Defendant filed several pro se petitions asserting such an interest, including a Petition for Remission or Mitigation,[1] ECF No. 27, and two Ancillary Petitions for Remission or Mitigation, ECF Nos. 33 and 34 (the "First Ancillary Petition" and "Second Ancillary Petition," respectively, and collectively with the Claimant Petition, the "Petitions").  In the First Ancillary Petition, Defendant claims that he transferred his personal rights and interest in the Substitute Asset to The Lawrence E. Barnard Revocable Trust in March 2015, and in the Second Ancillary Petition, he claims that, as the trustee of The Lawrence E. Barnard Revocable Trust, he never received notice of the forfeiture proceeding regarding the Substitute Asset.  The Government filed a motion to dismiss the Petitions.  Neither Defendant nor Claimant has filed a response.

---

[1] While styled as a Petition for Remission or Mitigation, this document is simply a letter from Defendant seeking an extension of time to file such a petition, ECF No. 27, which the Court endorsed, ECF No. 28.

**LEGAL STANDARD**

Third-party petitions in criminal forfeiture proceedings are governed by 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2.

Rule 32.2 provides that, when a third party files a petition asserting an interest in property to be criminally forfeited, the court must conduct an "ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). In such a proceeding, the court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "[U]nder Rule 32.2, a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). "The factual allegations set forth in the petition are assumed to be true; the legal conclusions are not." *United States v. Chowaiki*, 369 F. Supp. 3d 565, 572 (S.D.N.Y. 2019) (citing *Willis Mgmt. (Vermont) Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011)). Furthermore, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The petitioner bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.* at 113.

Section 853(n) provides, in relevant part, that "[a]ny person, *other than the defendant*, asserting a legal interest in [criminally forfeited] property . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the [criminally forfeited] property." 21 U.S.C. § 853(n)(2) (emphasis added). "It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary

forfeiture order has been entered." *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007).

## DISCUSSION

Defendant explicitly forfeited his interest in the Substitute Asset at sentencing. And based on the plain text of Section 853(n), which expressly applies only to persons "other than the defendant," he is precluded from bringing a petition asserting third-party interests in this ancillary proceeding. *See, e.g.*, *United States v. Bradley*, 882 F.3d 390, 392 (2d Cir. 2018) (observing that "criminal defendants cannot bring a petition under § 853(n)"); *United States v. Weitzman*, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013) (concluding that the defendant "lacks standing to assert third-party interests" under § 853(n)); *United States v. Daugerdas*, No. 09-cr-581, 2020 WL 3472447, at *2 (S.D.N.Y. June 25, 2020) (collecting cases) ("Consistent with § 853(n)(2)'s express language, courts routinely acknowledge that a defendant is barred from contesting a forfeiture order on behalf of a third party."). Accordingly, Defendant's First and Second Ancillary Petitions are dismissed.

With respect to the Claimant Petition, the Court agrees with the Government that Claimant has no cognizable legal interest in the Substitute Asset. "To establish standing to challenge an order of forfeiture under § 853(n), a petitioner must demonstrate that [s]he has a 'legal interest in [the forfeited] property.'" *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015) (quoting *United States v. Ribadeneira*, 105 F.3d 833, 835 (2d Cir. 1997)); *see* 21 U.S.C. § 853(n)(2). "State law determines a petitioner's legal interest in the property at issue." *Williams Mgmt. (Vermont), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011). "Where the petitioner has no valid interest in the property under state law, the inquiry ends, and the claim fails for lack of standing." *Watts*, 786 F.3d at 161 (internal quotation marks omitted).

"California is a community property state, which characterizes marital property as either community or separate property." *In re Brace*, 908 F.3d 531, 536 (9th Cir. 2018) (citing Cal. Fam. Code § 760)).  In California, "classification of property as community or separate property depends on the time of its acquisition." *Id.* at 537.  "Property that a spouse acquired before marriage is that spouse's separate property," *In re Marriage of Valli*, 324 P.3d 274, 276 (Cal. 2014), whereas "[p]roperty that a spouse acquired during the marriage is community property," *In re Brace*, 908 F.3d at 537.  According to the marriage certificate attached to the Claimant Petition, Claimant and Defendant have been married since December 31, 2021.  *See* Claimant Petition, Ex. A.  Public records, however, establish that Defendant owned the Substitute Asset as "a single man" as early as March 2, 2015, when he granted the Substitute Asset to himself as trustee of The Lawrence E. Barnard Revocable Trust.  *See* Gov't Mot. to Dismiss, Ex. A (Trust Transfer Deed on file with the County of Los Angeles); *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("We also take judicial notice of relevant matters of public record.").  Because Defendant acquired the Substitute Asset at least six years prior to his marriage to Claimant, the Substitute Asset constitutes separate property, not community property.  Accordingly, Claimant fails to establish a legal interest in the Substitute Asset, and the Claimant Petition is dismissed.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the forfeiture petitions is granted.  The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. Nos. 33 and 39.

Dated:   February 6, 2023
         New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge